STOKER, Judge.
Norman Andrews shot Lucinda Fulwood on August 13, 1982 in Cameron. He was indicted by a grand jury for second degree murder. His first trial resulted in a mistrial because of a hung jury. After a second trial, he was convicted of manslaughter and sentenced to ten years at hard labor, of which seven years were to be served without benefit of suspension, probation or parole. The defendant assigns as error the denial of a continuance requested by his attorney five days before trial.
The defendant retained his own counsel during the first trial, but he requested the appointment of an attorney for the second trial. Philip St. Romain was appointed on February 8, 1984. St. Romain gave the case to his law partner, Evelyn Oubre. Ms. Oubre contacted the defendant both in person and by mail but was told that the defendant was attempting to retain the same attorney who had represented him in his first trial. On June 5, 1984, the defendant informed Ms. Oubre that he wished for her to represent him at trial. The following day she filed a motion for continuance of the June 11 trial, as she was not prepared for trial. The motion was denied, and the matter went to trial as scheduled.
The defendant admitted that he killed Lucinda Fulwood. The incident occurred after a series of fights involving the victim’s two daughters, and Andrews’ sister and her daughter. The defendant claimed that the victim approached him with a cane knife, and that he shot her in self-defense.
*972 Ms. Oubre claims that because she did not know definitely that she would be representing the defendant until June 5, 1984, she was unable to prepare properly for trial. She argues that she was unable to file pretrial motions, interview witnesses, look for other witnesses and effectively present the defendant’s claim of self-defense, resulting in prejudice to the defendant.
The pertinent provisions of the Code of Criminal Procedure are:
“Art. 707. Motion for continuance: time for filing
“A motion for a continuance shall be in writing and shall allege specifically the grounds upon which it is based and, when made by a defendant, must be verified by his affidavit or that of his counsel. It shall be filed at least seven days prior to the commencement of trial.
“Upon written motion at any time and after contradictory hearing, the court may grant a continuance, but only upon a showing that such -motion is in the interest of justice.”
“Art. 712. Discretionary grounds .
“A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor.”
“Art. 713. Peremptory grounds “A motion for a continuance based upon peremptory grounds as provided by law shall be granted.”
No peremptory grounds were alleged. Therefore, the granting of the motion was within the discretion of the trial judge. A denial of a motion for a continuance is not grounds for a reversal absent an abuse of discretion and a showing of specific prejudice resulting from the denial. State v. Benoit, 440 So.2d 129 (La.1983); State v. Williams, 445 So.2d 1264 (La.App. 3d Cir.1984), writ den., 449 So.2d 1346 (La.1984)
Counsel was appointed to represent the defendant on February 8, 1984. The duty evidently was delegated to Ms. Oubre. Trial began four months after the appointment. Ms. Oubre said that she did not prepare for trial because the defendant intended to retain his own counsel. However, she never requested to withdraw from the case.
Eleven witnesses were called to testify on behalf of the defendant at the second trial. Several stated that the victim approached the defendant wielding a cane knife. There was discussion concerning the reputations of both the defendant and the victim. We believe that the defendant’s guilt and his claim ■ of self-defense were litigated fully and fairly.
As in State v. Williams, supra, the defendant’s own actions limited the time his counsel had for preparation of his defense. Thus we feel that the court was correct in not finding good grounds for the granting of a continuance.
Ms. Oubre gives no indication of what pretrial motions would have been filed or what other witnesses would have been called, had the continuance been granted. There is no indication that the defendant was prejudiced by the denial of the motion. Accordingly, we find no abuse of discretion by the trial court, and we affirm his decision.
AFFIRMED.